

# DEPARTMENT OF LAW
## OFFICE OF THE CORPORATION COUNSEL
### CITY OF SYRACUSE, MAYOR BEN WALSH

August 14, 2019

**Kristen E. Smith**
Corporation Counsel

**Joseph W. Barry III**
First Assistant
Corporation Counsel

**Christina F. DeJoseph**
Senior Assistant
Corporation Counsel

Catherine E. Carnrike
Meghan E. Ryan
Amanda R. Harrington
John C. Black Jr.
Kathryn M. Ryan
Ramona L. Rabeler
Todd M. Long
Khalid Bashjawish
Lee R. Terry
Sarah A. Lafen
Daniel C. Bollana
Leigh A. Lieberman

SENT ELECTRONICALLY VIA CM/ECF
Hon. Brenda K. Sannes, U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse NY 13261-7336

    Re:    ***Montanez v. City of Syracuse, et al.***
            **Index No. 6:16-cv-00550-BKS-TWD**

Dear Judge Sannes:

Pursuant to the Court's request, Defendants City of Syracuse ("the City") and Captain Thomas Galvin ("Galvin") (collectively "City Defendants") submit this letter brief identifying Plaintiff's arrests and convictions City Defendants will seek to admit into evidence at trial, "including the date of each arrest or conviction, the offense of each arrest or conviction and the sentence imposed for each conviction." *See* Dkt. No. 128.

City Defendants are aware of 16 incidents that resulted in convictions in Onondaga County spanning from 1994 to 2009, each with wide ranging sentences and all are probative of Plaintiff's lack of truthfulness.

By copy of this letter upon opposing counsel, Defendants are advising Plaintiff of their intent to use her convictions as outlined below and provide her with an opportunity to contest their use at trial as provided by Fed. R. Evid. 609(b)(2).

Plaintiff's convictions are addressed in reverse chronological order below, providing information requested by the Court. Additional information related to the underlying facts and circumstances related to each conviction has been requested.

Under the present circumstances, this office does not have access to all of the police reports related to the above-referenced convictions and arrests. We have made a request to the Syracuse Police Department for complete access to these records, many of which are archived in a system which this office currently has no access (2005 and prior). Therefore, we respectfully reserve the right to supplement this letter with the facts and circumstances of each conviction when we are in receipt of these reports.

**I.   False Report Emergency arrest on November 21, 2006**
The following details related to Plaintiff's arrest for false report emergency on November 21, 2006, with the Certificate of Disposition enclosed as **Exhibit "A:"**

**Department of Law**
**Office of Corp. Counsel**
233 E. Washington St.
City Hall, Room 300
Syracuse, N.Y. 13202

Office 315 448-8400
Fax    315 448-8381
Email  law@syrgov.net

**www.syrgov.net**

*Service of papers or process by facsimile or other electronic method is not acceptable.*

**Date of Conviction:** 12/13/2006
**Offense of the Conviction:** Falsely Reporting an Incident in the Third Degree (PL § 240.50(2))
**Elements of the Offense:** A person is guilty of falsely reporting an incident in the third degree when, knowing the information reported, conveyed or circulated to be false or baseless, he or she: . . . 2. Reports, by word or action, to an official or quasi-official agency or organization having the function of dealing with emergencies involving danger to life or property, an alleged occurrence or impending occurrence of a catastrophe or emergency which did not in fact occur or does not in fact exist;"
**Class of Conviction:** Class A Misdemeanor
**Sentence Imposed for Conviction:** Conditional Discharge (1 year)

Here, we do know the specific facts of the arrest, as Plaintiff noted in her deposition (**Exhibit "B"**) that she was arrested in 2006 for making a 911 call where she told operators that there was a stab victim outside of the door to her home when she just wanted someone to come to her apartment to remove bats from there. Here, the conviction is probative of Plaintiffs willingness to be dishonest with law enforcement authorities about weighty issues, such as a stabbing victim, in order to have something done about an animal in her home. There is no prejudicial effect, as it lends to her truthfulness and says nothing else about issues in controversy.

## II.  Welfare Fraud, et al., arrest on February 17, 2000

The following details related to Plaintiff's arrest for false report emergency on November 21, 2006, with the Certificate of Disposition enclosed as **Exhibit "C":**

**(A)**
**Date of Conviction:** 01/18/2001
**Offense of the Conviction:** Welfare fraud in the fifth degree (PL § 158.05)
**Elements of the Offense**: "A person is guilty of welfare fraud in the fifth degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits."
**Class of Conviction:** Class A Misdemeanor
**Sentence Imposed for Conviction:** Conditional Discharge (1 year)

**(B)**
**Date of Conviction:** 01/18/2001
**Offense of the Conviction:** Offering a false instrument for filing in the second degree (PL § 175.30)
**Elements of the Offense:** "A person is guilty of offering a false instrument for filing in the second degree when, knowing that a written instrument contains a false statement or false information, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant."

**Class of Conviction:** Class A Misdemeanor
**Sentence Imposed for Conviction:** Conditional Discharge (1 year)

**(C)**
**Date of Conviction:** 01/18/2001
**Offense of the Conviction:** Misuse of food stamps, food stamp program coupons, authorization cards and electronic access devices (Social Services Law § 147)
**Elements of the Offense:**
1. a. Whoever knowingly uses, transfers, acquires, alters, purchases, transports or possesses food stamps, food stamp program coupons, authorization cards or electronic access devices which entitle a person to obtain food stamps, in any manner not authorized by section ninety-five of this chapter shall be guilty of a class A misdemeanor except that if the value of the benefit he or she obtained:
(i) exceeds one thousand dollars, he or she shall be guilty of a class E felony; or
(ii) exceeds three thousand dollars, he or she shall be guilty of a class D felony; or
(iii) exceeds fifty thousand dollars, he or she shall be guilty of a class C felony.
b. For the purposes of this section, the value of the benefit obtained shall be the cumulative face value of such food stamps, food stamp program coupons, authorization cards or electronic access devices.
2. Any person found to have violated the provisions of subparagraph (i), (ii) or (iii) of paragraph a of subdivision one of this section, who shall possess a license to sell liquor under section sixty-three of the alcoholic beverage control law or to sell lottery tickets under article thirty-four of the tax law, shall have such license or licenses revoked in addition to any other penalty authorized by law. As used herein, the word "person" shall mean any individual, partnership, corporation, or association.
**Class of Conviction:** Class A Misdemeanor
**Sentence Imposed for Conviction:** Conditional Discharge (1 year)

**(D)**
**Date of Conviction:** 01/18/2001
**Offense of the Conviction:** Obtain Public Assistance by Fraud (Social Services Law § 145)
**Elements of the Offense:** "1. Any person who by means of a false statement or representation, or by deliberate concealment of any material fact, or by impersonation or other fraudulent device, obtains or attempts to obtain, or aids or abets any person to obtain public assistance or care to which he is not entitled, or does any wilful act designed to interfere with the proper administration of public assistance and care, shall be guilty of a misdemeanor, unless such act constitutes a violation of a provision of the penal law of the state of New York, in which case he shall be punished in accordance with the penalties fixed by such law. Failure on the part of a person receiving public assistance or care to notify the social services official granting such assistance or care of the receipt of money or property or income from employment or any other source whatsoever, shall, upon the cashing of a public assistance check by or on behalf of such person after the receipt of such

money, or property, or income, constitute presumptive evidence of deliberate concealment of a material fact. Whenever a social services official has reason to believe that any person has violated any provision of this section, he shall promptly refer the facts and evidence available to him to the appropriate district attorney or other prosecuting official, who shall immediately evalaute the facts and evidence and take appropriate action."
**Class of Conviction:** Class A Misdemeanor
**Sentence Imposed for Conviction:** Conditional Discharge (1 year)

City Defendants reserve the right to supplement this point with analysis about the essential facts once we are in receipt of reporting from the Syracuse Police Department.

### III.  Criminal Impersonation arrest on September 7, 1995
The following details related to Plaintiff's arrest for two criminal impersonation charges on September 7, 1995, with the Certificates of Disposition enclosed as **Exhibit "D"** for the first incident and **Exhibit "E"** for the second incident:

> **(A)**
> **Date of Conviction:** March 8, 1996
> **Offense of the Conviction:** Criminal impersonation in the second degree (PL § 190.25(1))
> **Elements of the Offense:** "A person is guilty of criminal impersonation in the second degree when he: 1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another;"
> **Class of Conviction:** Class A Misdemeanor
> **Sentence Imposed for Conviction:** Probation for three years

> **(B)**
> **Date of Conviction:** March 8, 1996
> **Offense of the Conviction:** Criminal impersonation in the second degree (PL § 190.25(1))
> **Elements of the Offense:** "A person is guilty of criminal impersonation in the second degree when he: 1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another;"
> **Class of Conviction:** Class A Misdemeanor
> **Sentence Imposed for Conviction:** 30 days in custody

City Defendants reserve the right to supplement this point with analysis about the essential facts once we are in receipt of reporting from the Syracuse Police Department.

### IV.  Larceny Convictions and Arrests
Plaintiff's petit larceny conviction on August 8, 2007 (Conditional Discharge), petit larceny arrest on April 28, 2001 (covered under a conviction on another charge), petit larceny arrest on April 12, 2001 (covered under a conviction on another charge), petit larceny conviction on March 8, 1996 (three years'

Montanez v. City of Syracuse, et al.                                                14 August 2019
                                                                                         Page 5

probation), petit larceny conviction on September 7, 1995 (30 days in custody), should be admitted under Rule 609(b).

The Second Circuit has ruled that by the court looking "beyond the elements of the offense [of larceny] to determine whether the conviction rested upon facts establishing dishonesty or false statement," if can determine whether those convictions may be subject to Rule 403, allowing court to determine whether probative value of admitting the evidence outweighed its prejudicial effect to the accused and to limit cross-examination of witnesses. *United States v. Estrada*, 430 F.3d 606, 614-15 (2d Cir. 2005) (quoting *United States v. Payton*, 159 F.3d 49, 57 (2d Cir.1998).

These incidents may, factually, have a highly probative value for the purposes of impeachment, as Plaintiff may have offered false statements in order to steal the requisite objects to evade arrest or conviction.

We thank you for your consideration in this matter.

Respectfully submitted,


_____/s/_____
Todd M. Long, Esq.
Assistant Corporation Counsel
Fed Bar Roll ID: 519301