**SIVIN & MILLER, L.L.P.**
Attorneys at Law
20 Vesey Street
Suite 1400
New York, New York 10007

Glenn D. Miller
Edward Sivin*
---------------
Andrew C. Weiss

*also member of NJ Bar

Phone: (212) 349-0300
Fax:   (212) 406-9462

September 9, 2019

Via ECF

Honorable Brenda K. Sannes
United States District Judge
Federal Bldg. and US Courthouse
P.O. Box 7346
Syracuse, NY 13261

Re: Montanez v. City of Syracuse, et. al.
Case No. 6:16-CV-00550 (BKS)(TWD)

Your Honor:

I write in response to today's letter from John G. Powers, Esq., which seeks to preclude plaintiff from offering any medical records or witnesses at trial if I don't execute additional medical release forms for defendants. Attached is a copy of the *blank* medical release form that defense counsel requested I execute. I advised Mr. Powers that I would not execute an authorization in blank, but that I would gladly furnish updated HIPAA authorizations for Crouse Hospital, Hutchings Psychiatric Center, and The Neighborhood Center, including (at Mr. Powers' request) for all of the providers located at those three facilities and all other records to which those three facilities have access. To my knowledge, and presumably also to defense counsel's knowledge, those are the only three facilities at which plaintiff has been evaluated or received treatment relative to the February 14, 2015 incident underlying this lawsuit. This morning, I furnished the updated authorizations for those three facilities, all the providers thereat, and all records to which those facilities have access. Mr. Powers' letter to the Court followed his receipt of those authorizations.

I have never furnished opposing counsel with a *blank* HIPAA authorization, nor do I recall ever being requested to do so. Armed with such authorizations, defendants presumably could, among other things, blanket every hospital and clinic in New York State with requests for medical records, hoping to uncover any and all information about a plaintiff's medical treatment over the course of her entire life, regardless of whether there is a good-faith basis for seeking that information and regardless of whether that information is relevant to any issue in this case. That clearly is improper.

On Thursday of last week, defense counsel also requested an authorization for a clinic in Alabama at which plaintiff reportedly received treatment years prior to the February 2015 incident. However, defendants knew about the Alabama clinic years ago—as it was referenced in the Hutchings records—yet never questioned plaintiff about it and never previously requested an authorization to obtain records from that clinic. My position with respect to those records, as stated to Mr. Powers, is that defendants' request is untimely. Moreover, neither plaintiff nor I is in possession of records from any clinic in Alabama, nor indeed of any healthcare facilities other than those that already were identified to defendants during pre-trial discovery.

Finally, I will not address further Mr. Powers' argument that plaintiff improperly withheld the names of healthcare providers or exchanged their names in an untimely manner, as this issue has been addressed extensively in plaintiff's opposition to defendants' initial motions in limine.

Thank you for your attention to this matter.

Very truly yours,

Edward Sivin

ES/lo
Encl.

Cc: All counsel, via ECF

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

| Patient Name: Maleatra Montanez | Date of Birth: ▓▓/75 | SSN: |
|---|---|---|
| Patient Address: | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form: In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from re-disclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be re-disclosed by the recipient (except as noted above in Item 2), and this re-disclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE PERSON, ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 b.**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent: **CITY OF SYRACUSE CORPORATION COUNSEL'S OFFICE, 300 CITY HALL, SYRACUSE, NY 13202**

9. (a). Specific information to be released:
   - ☐ Medical Record from (insert date) _____ to (insert date) _____
   - ☑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   - ☐ Other: _____

   Include: *(Indicate by Initialing)*
   - _____ Alcohol/Drug Treatment
   - _____ Mental Health Information
   - _____ HIV-Related Information

**AUTHORIZATION TO DISCUSS HEALTH INFORMATION**

(b) ☑ By initialing here _____ I authorize _____ to discuss my health information with the (Initials) Name of individual health care provider person, attorney, or a governmental agency, listed here:

**CITY OF SYRACUSE CORPORATION COUNSEL'S OFFICE, 300 CITY HALL, SYRACUSE, NEW YORK 13202**
(Person, Attorney, Firm Name or Governmental Agency Name)

| 10. Reason for release of information: **CLAIM / LITIGATION** | 11. Date or event on which this authorization will expire: **FINAL DISPOSITION OF CLAIM/ACTION AGAINST CITY OF SYRACUSE and/or CO-DEFENDANTS** |
|---|---|
| 12. If not the patient, name of person signing form: **EDWARD SIVIN** | 13. Authority to sign on behalf of patient: **POWER OF ATTORNEY** |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____    Date: _____
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having H1V symptoms or infection and information regarding a person's contacts.